OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs. The certified question is answered in the affirmative.
Plaintiffs commenced this action alleging that letters written by defendant Bartelemucci and printed in a newspaper published by defendant Poughkeepsie Newspapers, Inc. defamed the 17-year-old infant plaintiff by falsely accusing him of criminal conduct. The letters described his conduct and commented critically on actions of the police officials and courts responsible for handling the charges against him.
Poughkeepsie Newspapers, Inc. moved to dismiss the complaint for failure to state a cause of action and also for summary judgment. Its supporting papers contained affidavits by employees of the newspaper in which they alleged facts which they claimed established the accuracy of the statements published and the absence of any irresponsible conduct on their part in approving publication. Confronted with this submission, the burden rested upon plaintiffs to establish that the alleged defamatory statements were false (see, Fairley v Peekskill Star Corp., 83 AD2d 294, 297; Wilson v ScrippsHoward Broadcasting Co., 642 F2d 371; Prosser and Keeton, *780 Torts § 116, at 839 et seq. [5th ed]). They failed to respond to the newspapers motion with evidence by the infant plaintiff, however, or anyone else having knowledge of the accuracy of the accusations but relied entirely on a verified complaint executed by the infant plaintiff’s mother. Although CPLR 105 (t) permits a verified pleading to be used as an affidavit, and thus this pleading was properly submitted in opposition to defendant’s motion for summary judgment, the infant’s mother did not have personal knowledge of the incident and her verified complaint was not sufficient to raise a question of fact on the issue of falsity. Accordingly, the newspaper’s motion for summary judgment was properly granted (see, Gaeta v New York News, 62 NY2d 340, 350-351; Karaduman v Newsday, Inc., 51 NY2d 531, 545).
Defendant Bartelemucci also moved to dismiss the complaint for failure to state a cause of action against her. The Appellate Division granted the motion in part and dismissed plaintiff’s first cause of action charging defendant Bartelemucci with negligence. It denied the motion as to the remaining causes of action, however, claiming that the complaint fairly stated claims against defendant Bartelemucci charging her with grossly irresponsible conduct. In challenging that ruling on this appeal, plaintiff concedes that under the circumstances of this case defendant Bartelemucci is charged with the same duty of care as the newspaper. Inasmuch as the newspaper was liable only for grossly irresponsible conduct (Gaeta v New York News, supra; Chapadeau v Utica Observer-Dispatch, 38 NY2d 196), plaintiffs’ first cause of action charging defendant Bartelemucci with ordinary negligence was properly dismissed.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Hancock, Jr., concur in memorandum; Judge Titone taking no part.
Order affirmed, etc.