PEGGY SIDERS, Respondent, v THOMAS J. ODAK et al., Appellants.

Third Department, March 26, 1987

APPEARANCES OF COUNSEL

*Mangold & Mahar (McNamee, Lochner, Titus & Williams, P. C. [David J. Wukitsch],* of counsel), for appellants.

*Osofsky & Replansky (Warren S. Replansky* of counsel), for respondent.

## OPINION OF THE COURT

HARVEY, J.

On May 12, 1978, plaintiff purchased from defendants a single-family residence located on 1.3 acres of land in the Town of Clermont, Columbia County. Also executed on the closing date was an option agreement permitting plaintiff to purchase an additional 1.5 acres of adjoining land. Pursuant to the agreement, plaintiff could exercise the option at any time within three years from the date of execution upon giving 30 days' written notice. The option was thus valid until May 12, 1981.

In February 1981, plaintiff orally notified defendants of her intent to exercise the option. She allegedly offered defendant Thomas J. Odak (hereinafter Odak) $250 "earnest money", the balance to be paid at the closing. Odak, who was a personal friend of plaintiff, told her that there was no need for payment of any money at that time and that he would have his attorney prepare the documents necessary for the sale. Plaintiff affirms that, during the months of February, March and April 1981, plaintiff and her husband, Thomas O'Connor, had several conversations with Odak, at which times they were led to believe that defendants were diligently attempting to arrange a closing on the additional 1.5 acres.

In April 1981, O'Connor reviewed the option agreement and noted the requirement of written notice contained therein. O'Connor then telephoned Odak to inquire about the necessity of written notice. O'Connor states that Odak thereupon waived the written notice requirement, and told O'Connor that the land belonged to plaintiff. In reliance on Odak's statements, plaintiff did not provide written confirmation of her exercise of the option. Communications between the parties' attorneys ensued concerning the transfer of the additional acreage until, on March 5, 1982, defendants, for the first time, informed plaintiff that they deemed the contract for the additional acreage to be null and void since plaintiff had failed to exercise her option in writing. Relying on this alleged

noncompliance with the terms of the option agreement, defendants refused to proceed with the sale.

In April 1982, plaintiff commenced the instant action for specific performance of the option agreement. In her complaint, plaintiff alleged defendants' express and implied waiver of the option agreement's written notice requirement. Following discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court denied defendants' motion and, pursuant to CPLR 3212 (b), granted summary judgment in favor of plaintiff. This appeal ensued.

Defendants contend that triable issues of fact were raised as to whether they waived the written notice requirement. We cannot agree. On a motion for summary judgment a party must come forward with evidentiary proof in admissible form *(Vermette v Kenworth Truck Co.,* 68 NY2d 714, 717; *Burton v Ertel,* 107 AD2d 909, 910; *Hasbrouck v City of Gloversville,* 102 AD2d 905, *affd* 63 NY2d 916). Here, plaintiff submitted affidavits from individuals with personal knowledge which detailed the facts of the dispute, including Odak's alleged waiver of the written notice requirement. In their papers in support of the motion, defendants did not provide any evidentiary facts concerning the waiver. Regarding this issue, they relied solely upon the general denial contained in their amended verified answer. While verified pleadings may be substituted for affidavits (CPLR 105 [t]), they must set forth evidentiary facts in order to sufficiently raise a triable issue on a summary judgment motion *(see, Pollnow v Poughkeepsie Newspapers,* 67 NY2d 778, 780; *Bethlehem Steel Corp. v Solow,* 51 NY2d 870, 872; *see also, County of Nassau v Cedric Constr. Corp.,* 100 AD2d 890, 892). Defendants' general denials failed to raise a triable issue as to whether they waived the written notice requirement.

Defendants next assert that the option agreement was a unilateral contract which could only be accepted by full performance prior to the expiration date of May 12, 1981. Thus, defendants contend that since plaintiff had merely given notice and not actually purchased the property by May 12, 1981, the option expired. However, in the absence of a specific provision providing otherwise, an option is a unilateral contract which calls for acceptance in the form of a promise to create a second, bilateral contract *(Cochran v Taylor,* 273 NY 172, 183-184; *Heller v Pope,* 250 NY 132, 135-136; 1 Williston, Contracts § 61D, at 205 [Jaeger 3d ed]; Annotation, *Necessity for Payment or Tender of Purchase Money Within Option*

*Period in Order to Exercise Option, in Absence of Specific Time Requirement for Payment,* 71 ALR3d 1201, 1219, § 7). Here, the contract provided that the "option may be exercised by the optionee at any time within three (3) years from the date hereof upon thirty (30) days written notice". We do not read this agreement to require tender of the purchase price prior to the expiration of the three-year period in order for plaintiff to accept the option contract. Her notification to defendants that she was exercising the option together with her accompanying promise to perform created a bilateral contract of sale which could be properly consummated after the three-year period. Upon defendants' refusal to perform the contract, plaintiff was entitled to the equitable remedy of specific performance *(see, Cochran v Taylor, supra,* at 184; *Trustees of Hamilton Coll. v Roberts,* 223 NY 56, 63; *see also,* 62 NY Jur, Vendor and Purchaser, § 19, at 223 [1968]). Hence, we conclude that Supreme Court's order directing specific performance of the option agreement must be affirmed.

KANE, J. P., CASEY, MIKOLL and LEVINE, JJ., concur.

Order affirmed, with costs.