OPINION OF THE COURT
Harold Tompkins, J.
An institution receiving Federal funds and performing sterilizations may not arbitrarily prevent a mentally competent and freely consenting individual from having this operation. The State courts have jurisdiction to determine whether the institution’s refusal to perform the requested operation is arbitrary.
PROCEDURAL BACKGROUND
This action was initially brought as a CPLR article 78 proceeding to Lincoln Hospital’s refusal to perform a tubal ligation. At a hearing on the record on April 9, 1987, the court *77 converted the proceeding into an action for a declaratory judgment and injunctive relief and granted leave to serve amended pleadings. After service of an amended complaint the defendant Health and Hospitals Corporation brought this motion to dismiss for lack of subject matter jurisdiction.
Plaintiff is a 37-year-old mildly retarded woman. When she was 20 years old she had a child who is significantly retarded and resides with his grandmother. Although recently married, she sought to be sterilized because of her wish not to have any further children. On a motion to dismiss, plaintiffs allegations must be read in the most favorable light (Pollnow v Poughkeepsie Newspapers, 107 AD2d 10 [2d Dept 1985], affd 67 NY2d 778 [1986]).
JURISDICTION
Federal regulations govern the area of sterilization of persons in Federally assisted family planning projects (see, 42 USC § 300a-4; 42 CFR 50.201 et seq.). They provide that an institution supported by Federal funding may perform a sterilization only if the individual is: (a) at least 21 years old, (b) is not mentally incompetent, (c) has voluntarily given informed consent, and (d) at least 30 days, but not more than 180 days have passed from the date of consent (42 CFR 50.203).
The defendant’s motion to dismiss is apparently based on the fact that the action involves interpretation of Federal statutes and Federal regulations. However, there is a general presumption of concurrent State court jurisdiction in the absence of legislative history or intent to the contrary (Gulf Offshore Co. v Mobil Oil Corp., 453 US 473 [1981]). No legislative history or intent has been adduced to demonstrate any intent to exclude State courts from hearing cases involving this Federal law. Permitting State courts to exercise concurrent jurisdiction would reduce the caseload burden on the Federal court system without involving the State court in unduly complicated issues such as antitrust or RICO matters.
VOLUNTARINESS
In this case, plaintiff is concededly over 21 years old and is not mentally incompetent according to the regulatory definition (42 CFR 50.202). The major issue is the voluntariness of Ms. Avila’s consent. The case law that preceded the current regulations makes clear the crucial importance of an individual’s determining his or her own reproductive future (see, Relf v Weinberger, 372 F Supp 1196 [DDC 1974], on remand sub *78 nom. Relf v Mathews, 403 F Supp 1235 [DDC 1975], vacated sub nom. Relf v Weinberger, 565 F2d 722 [DC Cir 1977]).*
New York State courts recognize an individual’s right to determine medical treatment (see, Rivers v Katz, 67 NY2d 485 [1986]; Matter of Delio v Westchester County Med. Center, 129 AD2d 1). Reading the complaint as true, Ms. Avila has complied with the Federal requirements and would be entitled to the requested operation. The Federal regulation acknowledges the ability of a State court of competent jurisdiction to determine an individual’s competence (42 CFR 50.202). Similarly, a State court can determine whether Ms. Avila’s consent was freely and voluntarily given. The truth of her allegations will be decided on the facts ultimately proven.
The motion to dismiss is denied.

 The Federal cases cited infra are the only published cases involving the regulations concerning sterilization. Since promulgation of the regulations in 1978, no cases are cited interpreting these regulations.