■ KEY BANK OF SOUTHEASTERN NEW YORK, N. A., Appellant, v STROBER BROS., INC., Respondent.—In an action to recover the proceeds of a check, the plaintiff appeals from an order of the Supreme Court, Orange County (Isseks, J.), entered July 16, 1986, which granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment in its favor.

Ordered that the order is affirmed, with costs.

The plaintiff instituted this action seeking recovery for its payments made in reliance upon a check drawn by the defendant, Strober Bros., Inc., payable to the Tamara Trust, its depositor (hereinafter the trust). The trust as payee endorsed and deposited this check in the amount of $150,000 on December 15, 1982, in its account at the plaintiff bank. That amount was credited to the account and the plaintiff bank began disbursing funds from that account in reliance thereon. However, the check was subsequently dishonored and marked "Payment Stopped".

The plaintiff claimed that it was a holder in due course. In its first cause of action, it sought damages in the amount of the check. In the second cause of action, the plaintiff asserted that the defendant was equitably estopped from asserting any defense to the payment of the check as a result of the defendant's wrongful actions in stopping payment without legal justification. In its third cause of action, it asserted that the defendant had negligently allowed the check to be executed and delivered, with words on the face struck and without indicating thereon any restriction, condition or limitation of the obligation owed under the check.

The defendant answered the complaint and moved for summary judgment. Eric Strober, the chairman of the board of directors of the defendant, contended that the check was, on its face, nonnegotiable since it was not payable to the order of

the payee. Therefore, he asserted that the plaintiff bank was not a holder in due course, and that the plaintiff's causes of action must therefore fail.

Strober explained that, in or about November 1982 he was told by the principals of a venture with which he was doing business that they wanted to introduce him to a wealthy financier who would invest in that venture. He was introduced to Sidney Pal and Anthony Moscatiello (Sidney Pal, along with his wife Tamara Pal, were the cotrustees of the trust). Shortly thereafter, Sidney Pal asked Strober to lend him $150,000 on a short-term basis and indicated that the loan would be collateralized by a negotiable certificate of deposit. Strober insisted that the loan would have to be short term, collateralized and subject to any terms that David Bernstein, his attorney and agent in the matter, would impose.

David Bernstein asserted that he met with Anthony Moscatiello, Sidney Pal's agent in this transaction, after receiving the check made out to the order of the trust from Eric Strober on December 15, 1982. Both Pal and Moscatiello urged the delivery of the check immediately. When Moscatiello was unable to provide Bernstein with the trust agreement, Bernstein refused to release the check. The trust agreement was finally delivered, and Bernstein demanded a negotiable certificate of deposit as security. Pal, on the phone, promised Bernstein that a negotiable certificate would be delivered the next day. Bernstein told Pal that he could have the check that day only on condition that it be made nonnegotiable, that a stop payment order would be placed on the check, and that the negotiable certificate must be delivered by 4:00 P.M. on December 16, 1982. He further demanded that Pal deliver a confession of judgment and a note evidencing the existence of the loan. Finally, Bernstein told Pal that the stop payment order would not be removed until all of these conditions were met. Bernstein struck out the words "the order of" on the face of the check, so that it now read "pay to" the trust, thereby rendering it nonnegotiable, and told Moscatiello that it was nonnegotiable. Thereafter, Moscatiello signed a memorandum evidencing the terms of the agreement. On that same day, Bernstein called a vice-president of Chemical Bank which handled the defendant's account and placed a stop payment order on the check which was to remain in effect until it was released. Strober called the vice-president and confirmed the stop payment order.

On December 15, 1982, the Tamara Trust deposited the check in an account it maintained in the plaintiff bank.

Sidney Pal did not deliver the negotiable certificate of deposit on the next day as agreed. On December 17, 1982, Pal and his wife delivered a nonnegotiable certificate of deposit. The stop payment order was never removed, and the check was dishonored when the plaintiff bank sought to collect on it.

The plaintiff cross-moved for summary judgment. The plaintiff asserted that the issue of whether it was a holder in due course was not pivotal in the case because the written agreement between the defendant and the plaintiff's depositor did not involve a condition precedent, but rather invoked conditions subsequent upon which the trust had not defaulted at the time that the check was deposited for collection. It also affirmed that the statements made by David Bernstein in support of the defendant's motion concerning the placement of a stop payment order on the check constituted parol evidence of the terms of the written agreement between the parties, and therefore, should not be considered to vary those terms. Furthermore, it was the contention of the plaintiff bank that it had obtained a security interest pursuant to UCC 4-208 as the collecting bank of the check deposited into the trust account. It also maintained that it was a holder in due course of the check because it had paid value for it, and had taken it in good faith and without notice that the check had been dishonored or of any defense against it. Finally, the plaintiff asserted that the defendant was negligent in allowing a check which was made nonnegotiable to be delivered into the channels of commerce without a restrictive endorsement.

Apparently, the plaintiff bank had previously committed a posting error in the Tamara Trust account by crediting that account twice for a deposit made by Sidney and Tamara Pal in the amount of $75,000, so that the account balance was overstated to the extent of $75,000. Thereafter, the plaintiff had honored various checks which depleted the funds in the account and it was unable to reverse the erroneously posted deposit. The plaintiff bank continued to honor checks on uncollected funds upon the promise of Sidney Pal that he would satisfy the overdraft and the $75,000 which had been erroneously posted. On December 15, 1982, Pal deposited the subject check. A vice-president of the plaintiff bank called an officer at the drawer bank when he received the check on December 15, 1982, and was allegedly told that the check was good at that time, that most checks presented by the defendant were honored, and that the defendant did not normally order payment stopped on its checks. The plaintiff honored more checks on the trust account, paid off the debit balance,

and reversed the $75,000 posting error. On December 22, 1982, when the plaintiff learned of the stop payment order, the entire proceeds of the check had been withdrawn or applied.

The Supreme Court, Orange County, found that the check was nonnegotiable and that the plaintiff was not a holder in due course. Upon determining that the defendant had established its defense of a failure of a condition precedent to payment under the check, the court granted the defendant's motion for summary judgment and denied the plaintiff's cross motion for summary judgment.

We agree. The plaintiff has failed to demonstrate that it was a holder in due course of the check. The striking of the words "the order of" on the face of the check served to provide notice to the plaintiff that a claim or defense existed in favor of someone with an interest therein (see, UCC 3-304 [1] [a]). Therefore, the plaintiff did not acquire the rights of a holder in due course under the requirements of UCC 3-302. Since the plaintiff was not a holder in due course of the instrument, it took the instrument subject to all claims and defenses against it (see, UCC 3-305, 3-306).

Although UCC article 3 applies to nonnegotiable checks such as the one at bar, it is specifically provided that there can be no holder in due course of such an instrument (UCC 3-805). Therefore, the plaintiff must defend against the claims or defenses of the defendant. As noted above, the striking of the words from the face of the check served to provide notice that claims or defenses existed against it, and the plaintiff cannot maintain that it had obtained holder in due course status.

Contrary to the plaintiff's contention, General Obligations Law § 13-105 does not operate to deny the defendant its right to assert defenses against payment under the check. The plaintiff bank was not an assignee of a chose in action which was subject to conditions *subsequent* to the notice of assignment; rather, the conditions imposed upon payment of the check were conditions that arose prior to the deposit of the check, and, therefore, prior to the defendant receiving notice of that deposit (see, General Obligations Law § 13-105; see, *Banco Portugues Do Atlantico v Fonda Mfg. Corp.,* 31 AD2d 122, *affd* 26 NY2d 642).

Although the plaintiff has standing to assert the bar of the parol evidence rule (see, *Oxford Commercial Corp. v Landau,* 12 NY2d 362), that rule does not operate to deny the defendant the right to assert its defense of failure to satisfy conditions precedent to the making of the loan. Contrary to the

plaintiff's contention, the oral statements by David Bernstein concerning the placement of a stop payment order on the check, which was to be removed only when the conditions in the written agreement had been met, did not contradict the terms of that writing. The writing determined what collateral would be required for the loan, whereas the issuance of a stop payment order pending the delivery of that collateral was an additional condition precedent that could stand side by side with the terms of the writing *(see, Hicks v Bush,* 10 NY2d 488).

Moreover, the plaintiff's contention that it had obtained a security interest in the check when it gave value for it by crediting the depositor's account and that this security interest served to deny the defendant the right to assert its defenses to payment is meritless. It is true that the plaintiff had obtained a security interest in the item *(see,* UCC 4-208), but that security interest did not make the plaintiff a holder in due course *(see,* UCC 4-209; *see also,* UCC 4-208, Comment).

We have considered the plaintiff's remaining contentions and find them to be without merit. Mangano, J. P., Brown, Lawrence and Sullivan, JJ., concur.