■ ROBERT J. EDGREEN et al., Appellants, v LEARJET CORPORATION et al., Respondents.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered May 23, 1991, which granted summary judgment in favor of defendants pursuant to CPLR 3211 (c), and the judgment of said court entered June 3, 1991 pursuant thereto, unanimously affirmed.

Order of said court, entered September 4, 1991, which denied plaintiffs' motion for, inter alia, renewal, unanimously

affirmed, with one bill of $250 costs and disbursements of these appeals.

Plaintiffs, both former officers and employees of Integrated Resources, Inc., a debtor in bankruptcy, commenced this action for breach of contract against defendants, non-debtor subsidiaries of Integrated, seeking to recover monies allegedly owed to them by Integrated. The IAS court properly granted summary judgment dismissing the amended complaint since each of the agreements which form the basis of plaintiffs' claims indicate, on their face, that the signatory was Integrated, by one of its officers, and not defendants, herein. Nor do the agreements purport to bind defendants. Where, as here, the identity of the parties to a contract and the obligations contained therein are unambiguous, parol evidence may not be offered to modify or contradict the terms of the writing (Kashfi v Phibro-Salomon, Inc., 628 F Supp 727, 732; Namad v Salomon Inc., 74 NY2d 751, 753). In addition, the IAS court's incorrect reliance upon the doctrine of collateral estoppel, as one of several independent grounds for its decision granting summary judgment in defendants' favor, was harmless error and does not mandate a reversal (Ostrander v Hart, 130 NY 406, 414; Celeste v State of New York, 15 AD2d 593). We have reviewed plaintiffs' remaining claims and find them to be without merit. Concur—Sullivan, J. P., Milonas, Kupferman, Ross and Smith, JJ.