■ WILLIAM S. DALEY, Appellant, v RELATED COMPANIES, INC., et al., Respondents. [603 NYS2d 160] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered January 5, 1993, which, *inter alia,* granted defendants The Related Equities Corporation ("REC") and Related Capital Corporation's ("RCC") motion for summary judgment pursuant to CPLR 3212 dismissing the first cause of action of the plaintiff's second amended complaint as against REC and RCC, and which denied the plaintiff's motion for summary judgment as against defendant The Related Companies, Inc. ("Related"), unanimously affirmed, with costs.

The IAS Court properly denied plaintiff's motion for summary judgment seeking to enforce an alleged May 13, 1983 Employment Agreement ("Agreement"). Triable issues of fact exist, including, *inter alia,* whether Related had assented to the Agreement *(see, Matter of Tanenbaum Textile Co. v Schlanger,* 287 NY 400, 404), and whether a condition precedent to the legal effectiveness of that writing was a manifestation of consent by Related's President thereto, and the physical delivery of the document to the plaintiff *(see, Manhattan Theatre Club v Bohemian Benevolent & Literary Assn.,* 64 NY2d 1069, *affg* 102 AD2d 788).

Contrary to plaintiff's contention, evidence that the Agreement, though executed, had not yet become effective until reviewed and approved by Related's President does not constitute inadmissible parol evidence. Rather, it is admissible to prove a condition precedent to the Agreement's enforceability *(Hicks v Bush,* 10 NY2d 488, 491).

The IAS Court also properly dismissed the plaintiff's first cause of action for breach of contract as against Related's subsidiaries, REC and RCC, since, as acknowledged in the complaint itself, the alleged Agreement was solely between the plaintiff and Related, and subsidiaries of a plaintiff's

employer are not liable on a contract entered into by the employer with its former officers or directors where the signatory to the contract was the parent corporation and the contract contained no provision which would bind the subsidiaries *(see, Edgreen v Learjet Corp.*, 180 AD2d 562, 563).

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Ross, Kassal, Rubin and Nardelli, JJ.