■ M. T. AMIRANA, Appellant, v NICHOLAS HOWLAND, Respondent. [609 NYS2d 96] —Casey, J. Appeal from an order of the Supreme Court (Spain, J.), entered February 24, 1993 in Rensselaer County, which, upon reargument, denied plaintiff's motion for summary judgment in lieu of complaint.

At issue on this appeal is whether plaintiff, as the payee of a $5,000 promissory note payable on demand and executed by defendant, is entitled to summary judgment in lieu of complaint pursuant to CPLR 3213. By proof of the note executed by defendant and nonpayment according to its terms, plaintiff established a prima facie case, which entitled him to CPLR 3213 relief unless defendant presented evidentiary proof sufficient to raise an issue of fact as to a defense to the instrument *(see, Interman Indus. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 155; *Grasso v Shutts Agency,* 132 AD2d 768, *appeal dismissed* 70 NY2d 797; *Gateway State Bank v Shangri-La Private Club for Women,* 113 AD2d 791, *affd* 67 NY2d 627). As defenses, defendant alleged lack of consideration and the existence of a condition precedent which had not been performed. Supreme Court held that defendant had raised a question of fact regarding the condition precedent defense and did not reach the consideration issue. We affirm Supreme Court's order which denied plaintiff's motion for summary judgment in lieu of complaint.

Pursuant to UCC 3-306 (c), the lack of performance of a condition precedent is a defense which can be asserted against one who is not a holder in due course. Defendant claims that the parties intended the obligation stated in the note to come into effect only if defendant was successful in a lawsuit against a limited partnership in which he and plaintiff and several other investors had interests. It is undisputed that the limited partnership is judgment proof. If defendant's claim is factually correct, he has a valid defense under UCC 3-306 (c), which he can assert against plaintiff, who cannot claim holder in due course status *(see,* UCC 3-302 [1] [c]).

Turning to the sufficiency of the evidence submitted by defendant in support of his claim, it is well established that: "Parol testimony is admissible to prove a condition precedent to the legal effectiveness of a written agreement * * * if the condition does not contradict the express terms of such written agreement * * *. A certain disparity is inevitable, of course, whenever a written promise is, by oral agreement of the parties, made conditional upon an event not expressed in the writing. Quite obviously, though, the parol evidence rule does not bar proof of every orally established condition precedent, but only of those which in a real sense contradict the terms of the written agreement" *(Hicks v Bush,* 10 NY2d 488, 491 [citations omitted]).

The parol evidence presented by defendant does not contradict the express terms of the note, which contains no express language about the existence or nonexistence of any conditions *(compare, Key Bank v Strober Bros.,* 136 AD2d 604, 607-608, *with Mastan Co. v Weil,* 84 AD2d 657, 658). Rather, the purpose of the parol evidence presented by defendant is to establish that the note never became legally effective *(see, Studley v National Fuel Gas Supply Corp.,* 107 AD2d 122, 125; *see also, Daley v Related Cos.,* 198 AD2d 118). Case law establishes that "bald conclusory allegations" by the party who seeks to establish a condition precedent are insufficient to defeat a motion for summary judgment *(Alicanto, S.A. v Woolverton,* 142 AD2d 703, 704, *lv denied* 73 NY2d 702; *Abacus Real Estate Fin. Co. v P.A.R. Constr. & Maintenance Corp.,* 115 AD2d 576; *see, Grasso v Shutts Agency, supra).* "[W]here the agreement is complete and the record shows no other proof of a condition precedent, defendant's allegation is no defense to summary judgment unless the condition was 'expressed or at least implicit, in the agreement itself' " *(Flacke v Salem Hills Sewage Disposal Corp.,* 91 AD2d 739,

740, quoting *Woodmere Academy v Steinberg,* 41 NY2d 746, 750).

The parol evidence presented by defendant herein is not limited to his own general allegations about the existence of the condition precedent. The record also contains other proof in the form of an affidavit of one of the other investors who confirmed defendant's explanation of the transactions which led to the execution of notes to the other investors, including plaintiff, and stated that defendant's obligation was subject to a condition precedent that defendant be successful in his lawsuit against the partnership. We conclude that defendant's submission was sufficient to create a question of fact on the issue of the existence of a condition precedent which was not performed *(see, Hicks v Bush, supra).* Supreme Court's order should, therefore, be affirmed.

Mikoll, J. P., White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.