■ Brian Coffey, Appellant, v E.nfrastructure Technologies, Inc., Respondent. [946 NYS2d 295]—

Peters, P.J. Appeal from an order of the Supreme Court (Ferradino, J.), entered May 6, 2011 in Saratoga County, which, among other things, denied plaintiff's motion for summary judgment.

Plaintiff was employed as defendant's president from 2001 until his termination in 2005. He received two written stock options during his employment, each of which provided him the opportunity to purchase 30% of the common shares of defendant for a total price of $750,000. One option agreement granted plaintiff the option to purchase 900,000 shares of common stock of defendant at an exercise price of $0.83 per share (hereinafter the $0.83 stock option), while another agreement granted him the option to purchase 450 shares of common stock at an

exercise price of $1,666.67 per share (hereinafter the $1,666 stock option). Two years after he was terminated, plaintiff attempted to exercise the $0.83 stock option for the purchase of 100 shares by sending defendant a signed notice of exercise of stock option along with payment of $83. Defendant's board of directors rejected plaintiff's notice on the ground that recapitalization of defendant was a condition precedent to the implementation of the $0.83 stock option and that, because recapitalization never occurred, the stock option never became effective.

As a result, plaintiff commenced this action seeking equitable enforcement of the $0.83 stock option and a declaration that such option remains valid. Defendant answered, asserting affirmative defenses and counterclaims seeking, among other things, a declaration that the $0.83 stock option is neither valid nor enforceable. Plaintiff moved for summary judgment and defendant cross-moved for partial summary judgment and for leave to file an amended answer. Supreme Court denied plaintiff's motion and granted that portion of defendant's cross motion as sought leave to amend its answer. Plaintiff appeals.

In support of his motion for summary judgment, plaintiff submitted the 2003 stock option plan together with the $0.83 stock option agreement, which granted plaintiff a 10-year option to purchase 900,000 shares of defendant's common stock at $0.83 a share. Through these submissions, plaintiff established the existence of a valid unilateral contract (*see Kaplan v Lippman*, 75 NY2d 320, 324 [1990]; *Cochran v Taylor*, 273 NY 172, 183 [1937]; *Siders v Odak*, 126 AD2d 292, 294 [1987]) which ripened into an enforceable bilateral contract upon plaintiff's execution of the notice of exercise of stock option and tender of payment in accordance with the terms of the option agreement (*see Jarecki v Shung Moo Louie*, 95 NY2d 665, 668 [2001]; *Siders v Odak*, 126 AD2d at 295). It was then incumbent upon defendant to demonstrate by admissible evidence a triable issue of fact as to a defense to the contract (*see Cape Vincent Milk Producers Coop., Inc. v St. Lawrence Food Corp.*, 43 AD3d 606, 607 [2007]; *Amirana v Howland*, 202 AD2d 783, 784 [1994]; *Grasso v Shutts Agency*, 132 AD2d 768, 768 [1987], *appeal dismissed* 70 NY2d 797 [1987]).

In opposition, defendant maintained that, because the $0.83 stock option contract was subject to a failed oral condition precedent—recapitalization through the issuance of 3,000,000 shares of common stock—the option contract was never effective. It is well settled that parol evidence is admissible to prove an oral condition precedent to the legal effectiveness of a written agreement, so long as the alleged condition does not contra-

dict the express terms of the written agreement (*see Hicks v Bush*, 10 NY2d 488, 491 [1962]; *Rooney v Slomowitz*, 11 AD3d 864, 866 [2004]; *Amirana v Howland*, 202 AD2d at 784; *Mastan Co. v Weil*, 84 AD2d 657, 658 [1981]). "The purpose of such evidence is not to vary the agreement but to establish that it never became legally effective" (*Studley v National Fuel Gas Supply Corp.*, 107 AD2d 122, 125 [1985], *appeal dismissed* 65 NY2d 975 [1985] [citation omitted]; *see Saltzman v Barson*, 239 NY 332, 337 [1925]; *Amirana v Howland*, 202 AD2d at 784).

To that end, defendant proffered, among other things, the affidavit of Daniel Pickett, the chair of its board of directors. Pickett explained that the $0.83 stock option was developed during ongoing buyout negotiations in order to offer plaintiff an option to buy 900,000 shares, or a 30% interest in defendant, for a total exercise price of $750,000, before the company was acquired. According to Pickett, as there were only 1,000 shares of common stock outstanding at the time, shared equally by him and his brother, the delivery of the $0.83 stock option was conditioned upon the approval of the required recapitalization by defendant's accountants and lawyers and on whether the negotiations with the prospective buyer resulted in a contract. Pickett stated that, because defendant was advised that issuance of 3,000,000 shares of stock was not feasible, and when the acquisition of the corporation did not materialize, defendant instructed plaintiff to return the $0.83 stock option and provided him with the same 30% stock option opportunity, reconfigured as an option to purchase 450 shares at an exercise price of $1,666.67 a share, which would require the issuance of only 500 shares of defendant's common stock. Pickett claimed that, as defendant's president, plaintiff was well aware that the issuance of 3,000,000 shares was a condition precedent to the effectiveness of the $0.83 stock option contract.

Contrary to plaintiff's contention, the parol evidence presented by defendant does not contradict or negate an express term of the $0.83 stock option agreement. Rather, the alleged oral condition precedent "could stand side by side with the terms of the writing" (*Key Bank of Southeastern N.Y. v Strober Bros.*, 136 AD2d 604, 608 [1988]; *see Hicks v Bush*, 10 NY2d at 492-493). Furthermore, while "bald conclusory allegations by the party who seeks to establish a condition precedent are insufficient to defeat a motion for summary judgment" (*Amirana v Howland*, 202 AD2d at 784 [internal quotation marks and citations omitted]), the parol evidence presented by defendant is not limited to Pickett's allegations concerning the existence of the condition precedent. Financial statements prepared by de-

fendant's accountants for the 2004 fiscal year—subsequent to the issuance of both option agreements—indicate that the only stock option plan established by defendant was the $1,666 stock option plan. Moreover, the purported contemporaneous existence of the two stock option agreements with clearly incompatible terms presents further questions as to whether the $0.83 stock option ever became effective. Additionally, while not entirely clear from the record, it appears that the $1,666 stock option may have been granted to plaintiff subsequent to the $0.83 stock option, thereby raising a reasonable inference that the $1,666 stock option was intended to replace the $0.83 stock option. Thus, we find that plaintiff's submissions were sufficient to create a question of fact on the issue of the existence of a condition precedent to the effectiveness of the $0.83 stock option agreement (see *Hicks v Bush*, 10 NY2d at 492-494; *Amirana v Howland*, 202 AD2d at 784-785).

Finally, Supreme Court did not abuse its discretion in granting that portion of defendant's cross motion that sought leave to amend its answer, as the proposed amended answer does not seek to add any new claims or defenses nor would it result in surprise or prejudice to plaintiff (see *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *Thomas v Laustrup*, 34 AD3d 1115, 1116-1117 [2006]; cf. *Ciarelli v Lynch*, 46 AD3d 1039, 1040 [2007]). Plaintiff's remaining contentions, to the extent not specifically addressed herein, have been reviewed and found to be unavailing.

Rose, Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, with costs.