## (April 4, 1975)

■ EUGENE SNELSON et al., Respondents, v SGM CATERING INC., Doing Business as CHICKEN DELIGHT, et al., Defendants, and IRA KUCHLER, Appellant.—In an action, *inter alia,* to recover for fraud, defendant Kuchler appeals from an order of the Supreme Court, Queens County, dated November 26, 1974, which denied his motion for summary judgment. Order reversed, on the law, with $20 costs and disbursements, motion granted and action severed as to appellant. Appellant's proof shows that he was in no way involved with the allegedly fraudulent repair scheme. In his opposing affidavit plaintiffs' attorney explicitly stated that he would not go into "evidentiary matter". Instead he stated, in conclusory fashion, that there "is some evidence that Mr. Kuchler was somehow involved in this situation." A motion for summary judgment cannot be defeated by conclusory statements devoid of evidentiary facts showing a bona fide issue requiring a trial (see *Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259). Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALMA MARTIN, Appellant.—Judgment of the County Court, Nassau County, rendered April 25, 1974, affirmed. No opinion. The case is remitted to the County Court, Nassau County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd 5). Latham, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.

## (April 7, 1975)

■ In the Matter of STATE DIVISION OF HUMAN RIGHTS, Petitioner, v BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Respondent.— Proceeding pursuant to section 298 of the Executive Law for enforcement of petitioner's order dated January 16, 1974, which order was based upon a stipulation. Proceeding dismissed, without costs and without prejudice to commencement of an independent proceeding by the complainant before petitioner. If there has been a violation of the order, it is because of the failure to reappoint the complainant. That necessitates a new proceeding and independent proof. Martuscello, Acting P. J., Latham, Cohalan, Christ and Shapiro, JJ., concur.