OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Respondents commenced this action by way of motion for summary judgment in lieu of complaint to recover $500,000 under notes issued by the corporate defendant, NRX Technologies, Inc., and unconditionally guaranteed in writing by the individual defendant-appellants, Robert Anderson (chairman of the board and director of NRX), Joseph Tribble (president and director) and Joseph Gluck (vice-president, secretary and director). Appellants admitted the genuineness of their signatures but alleged that the guarantees were incomplete when signed, and they had no knowledge of what happened to those guarantees after they were signed. Respondents produced Forms 8-K and 10-Q (signed by appellant Tribble) filed by NRX with the Securities and Exchange Commission (SEC), setting forth the issuance of both the notes and appellants’ guarantees. Special Term granted summary judgment against NRX but ordered an immediate trial to determine whether the guarantees were executed in blank and, if so, whether they were validly completed and delivered. NRX and appellants
 
 *688
 
 appealed to the Appellate, Division, which modified by granting summary judgment against appellants, who appeal from that order.
 

 The Appellate Division correctly found no triable issue of fact and granted summary judgment against appellants, even in the absence of a cross appeal by respondents.
 
 (Merritt Hill Vineyards v Windy Hgts. Vineyard,
 
 61 NY2d 106, 110-112.) As NRX’s own reports filed with the SEC revealed, NRX had accepted the proceeds of the notes and appellant Anderson had received stock and stock options as inducement for his guarantees. These public reports strongly suggest that, even if incomplete when signed, the guarantees by NRX officers were completed and delivered in accordance with their authorization. In these circumstances, neither the allegations that the guarantees were completed and delivered without authorization, nor appellants’ other conclusory assertions, raised any issue of material fact requiring a trial.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
 

 Order affirmed, with costs, in a memorandum.