(December 16, 1985)

■ ABACUS REAL ESTATE FINANCE Co., Respondent, v P.A.R. CONSTRUCTION AND MAINTENANCE CORP. et al., Appellants.—In an action to recover on a promissory note, defendants appeal from (1) an order of the Supreme Court, Nassau County (Meade, J.), dated September 18, 1984, which granted a motion by plaintiff for summary judgment in lieu of a complaint pursuant to CPLR 3213, and (2) an order of the same court, entered March 29, 1985, which denied defendants' motion, *inter alia,* for renewal.

Orders affirmed, with one bill of costs.

In order to defeat plaintiff's motion for summary judgment, it was necessary that defendants show the existence of a bona fide defense by evidentiary facts in admissible form *(see, Rotuba Extruders v Ceppos,* 46 NY2d 223, 231). Defendants' principal allegation is that all obligations pursuant to the contract at issue were conditioned upon approval by the construction lender of the standby mortgage commitment provided by plaintiff. No such condition precedent is found in the written contract.

In order to prove the oral condition precedent it was necessary for defendants to allege in detail when, where, and by whom the alleged agreement was made *(see, Sutton v East Riv. Sav. Bank,* 55 NY2d 550; *Apache-Beals Corp. v International Adjusters,* 59 AD2d 1032, *affd* 46 NY2d 888). The affidavits submitted in opposition to the summary judgment motion and in support of the application, *inter alia,* for renewal do not contain the required details, but merely state in conclusory fashion that such an agreement was made. Such bald, conclusory allegations are insufficient to defeat the summary judgment motion *(see, Rotuba Extruders v Ceppos, supra).*

Defendants also allege various other defenses, including fraud in the inducement, failure of consideration, mistake, and usury. None was stated in sufficient detail to justify denial of plaintiff's motion.

The affidavits submitted upon that branch of defendants'

motion which was for renewal do not establish any defense to plaintiff's action.

Defendants argue further that CPLR 3213 was an inappropriate vehicle for the relief sought in the instant action. This claim was not raised at Special Term and therefore cannot be raised on appeal (see, Shapira v United Med. Serv., 15 NY2d 200, 217). In any event, CPLR 3213 was an appropriate procedure in this case (see, Seaman-Andwall Corp. v Wright Mach. Corp., 31 AD2d 136, affd 29 NY2d 617). Mollen, P. J., Thompson, Niehoff and Eiber, JJ., concur.