■ FOURTEEN SHAROT PLACE REALTY CORP., Respondent, v JOHN MICELI, Appellant.—In an action for specific performance of a contract for the sale of real property, which was previously consolidated with a summary dispossess proceeding for nonpayment of rent, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Delaney, J.), dated February 7, 1985, which denied his motion for leave to renew the plaintiff's previous motion for

summary judgment on the issue of specific performance of the contract which had been granted in an order entered October 10, 1984, and which severed the action for specific performance from the summary dispossess proceeding.

Ordered that the order and judgment is affirmed, with costs.

On September 17, 1982, the plaintiff, Fourteen Sharot Place Realty Corp., and the defendant, John Miceli, entered into a contract for the sale of certain property located at 14 Sharot Street, New Rochelle, New York. The contract provided, *inter alia,* that the closing would occur on September 16, 1983, at 11:00 A.M. Representatives of the plaintiff buyer appeared on the designated date at the offices of the defendant's attorneys with a certified check representing the balance of the purchase price. The defendant, however, failed to appear for the closing and the plaintiff was then informed by the defendant's attorneys that the defendant did not intend to consummate the transaction. They offered, instead, to refund the plaintiff's down payment. The plaintiff refused this offer and subsequently commenced an action against the defendant for specific performance of the contract.

The record discloses that while the foregoing transaction was pending, the defendant had leased the subject premises to Fleetwood Paving Co., Inc. (hereinafter Fleetwood), Dora Vetrini and Gino Secchiano. Dora Vetrini is the sole shareholder and president of the plaintiff realty company and her husband, Gino Secchiano, is sole shareholder of Fleetwood. The defendant alleged as an affirmative defense to the action for specific performance, that the parties to the contract of sale had previously entered into an oral modification whereby the plaintiff promised to execute a second mortgage on the subject premises as security for a debt owed to the defendant by Fleetwood. The defendant maintained that the plaintiff's failure to honor this promise constituted an affirmative defense to his obligations under the contract of sale.

Prior to the commencement of the action for specific performance, the defendant had initiated a summary proceeding for nonpayment of rent in the City Court of New Rochelle, against the plaintiff, Fleetwood, and their respective principals Vetrini and Secchiano. By order dated June 20, 1984 (Marbach, J.), the action for specific performance was consolidated with the summary dispossess proceeding.

The plaintiff moved for summary judgment upon its claim for specific performance of the contract of sale. The court (Delaney, J.), in a decision dated September 23, 1984, held, in

substance, that the defendant's allegations regarding an oral modification of the contract, did not constitute a valid defense and did not relieve the defendant of his obligations thereunder, because, in order for the modification to be enforceable, pursuant to General Obligations Law § 5-703 (2), a writing was required. The court further noted that since the contract of sale contained a merger clause as well as a provision to the effect that any changes must be in writing, parol evidence "may not be admitted to show a condition precedent which contradicts the terms of the agreement". Accordingly, the plaintiff's motion for summary judgment was granted.

The defendant, thereafter, moved for leave to renew the foregoing motion. In support thereof, the defendant argued that the court, at the time it rendered its decision, was unaware of the consolidation of the two actions, and that this consolidation had created factual issues, thereby rendering summary judgment relief inappropriate. The defendant additionally provided the court with a written memorandum, subscribed by the defendant and Mr. Secchiano, evidencing Secchiano's promise to pay the defendant $18,000 above the rent and contract price of the property. The defendant argued that this memorandum satisfied the requirement of a writing.

By order and judgment dated February 7, 1985, the court (Delaney, J.) denied the defendant's motion for leave to renew, noting that although certain individuals may have owed the defendant money, that question was "separate and apart" from the issue of whether the plaintiff was entitled to specific performance of the contract. The court, accordingly, adhered to its determination to grant the plaintiff summary judgment and severed the claim for specific performance from the remaining issues encompassed in the summary dispossess proceeding.

On appeal, the defendant contends that the specific performance claim should not have been summarily disposed of since issues of fact existed as a result of the consolidation of the two actions. We disagree.

Contrary to the defendant's contentions, the consolidation of the two actions involving the subject premises did not have the effect of injecting into the claim for specific performance, new facts, parties or issues, thereby requiring reconsideration of the plaintiff's motion for summary judgment. It is not necessary, for purposes of consolidation, that all parties or all issues be common to both actions (see, 2 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 602.8, 602.9). Upon a review of the

record, we conclude that the issues raised in the summary proceeding for nonpayment of rent have no bearing upon the plaintiff's entitlement to specific performance of the real estate contract. The written memorandum submitted by the defendant in his renewal motion simply acknowledged the existence of a debt. This memorandum was not, however, sufficient to modify the terms of the contract of sale. The memorandum evidenced that Mr. Secchiano, the principal of Fleetwood, owed the sum of $18,000 to the defendant. The plaintiff, Fourteen Sharot Place Realty Corp., however, did not sign the memorandum, nor did the writing explicitly state that payment of this debt was a condition precedent to the defendant's performance under the contract of sale. Therefore, the defendant's allegation that his obligations under the contract were contingent upon payment and satisfaction of Fleetwood's debt, amounts, essentially, to an oral modification of the written contract and is thus impermissible under the express terms of that contract as well as the parol evidence rule (see, Hicks v Bush, 10 NY2d 488; Hirsch v Berger Import & Mfg. Corp., 67 AD2d 30). Accordingly, the court did not err in ruling that renewal of the summary judgment motion was not warranted based upon this evidence.

We further find that the specific performance claim was properly severed from the remaining unresolved issues involved in the summary dispossess proceeding.

CPLR 3212 (e) provides, in pertinent part, that: "In any * * * action summary judgment may be granted as to one or more causes of action, or part thereof, in favor of any one or more parties, to the extent warranted, on such terms as may be just. The court may also direct: 1. that the cause of action as to which summary judgment is granted shall be severed from any remaining cause of action; or 2. that the entry of the summary judgment shall be held in abeyance pending the determination of any remaining cause of action".

Although we find that the specific performance branch of this consolidated action was ripe for summary disposition, the issues encompassed in the proceeding for nonpayment of rent must be referred to the trial court so that a determination may be made as to the amount of rent owed the defendant prior to the closing date set forth in the contract of sale (see, RPAPL 651), and the amount, if any, which may be claimed as an offset (see, RPAPL 601). Lazer, J. P., Brown, Rubin and Eiber, JJ., concur.