■ MICHAEL GRASSO, Appellant, v JOHN I. SHUTTS AGENCY, INC., Respondent.—Weiss, J. Appeal from an order of the Supreme Court (Graves, J.), entered August 22, 1986 in Schenectady County, which denied plaintiff's motion for summary judgment in lieu of complaint.

Plaintiff commenced the instant action pursuant to the expedited procedure provided in CPLR 3213 to recover upon a September 26, 1984 promissory note executed on behalf of defendant insurance agency. The note secured a loan of $20,245, at 13% interest, payable one year from the date of execution. Plaintiff averred that two payments, totaling $1,708.29, were made. Since defendant neither disputes execution of the note nor default in payment, it is evident that plaintiff established a prima facie right of recovery *(see, Interman Indus. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 154-155; *Logan v Williamson & Co.,* 64 AD2d 466, 468-469, *appeal dismissed* 46 NY2d 996; *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, *affd* 29 NY2d 617). As such, it was incumbent upon defendant to demonstrate a triable issue of fact relative to a bona fide defense *(see, Logan v Williamson & Co., supra).*

As a proposed set off, defense and/or counterclaim, defendant has asserted that payment on the note was conditioned upon plaintiff's faithful compliance with an existing employment contract with defendant. At the time the note was executed, plaintiff was employed by defendant as a vice-president and account executive. Defendant essentially maintains that plaintiff breached this contract by diverting clients and accounts to another insurance agency. Supreme Court found these allegations sufficient to raise a question of fact as to whether plaintiff was entitled to recovery on the note, and denied plaintiff's motion for summary judgment.

We reverse. There is little question that plaintiff fully

performed under the express terms of the note, that defendant received the full consideration designated therein, and that the terms of payment are unconditional. Defendant's attempt to superimpose a condition precedent relative to plaintiff's performance under the employment contract is unavailing *(see, Logan v Williamson & Co., supra,* at 469). No such condition precedent is set forth in the note *(see,, Abacus Real Estate Fin. Co. v P. A. R. Constr. & Maintenance Corp.,* 115 AD2d 576). Nor may defendant proffer parol evidence to alter the express terms of the note *(see, Kornfeld v NRX Technologies,* 93 AD2d 772, *affd* 62 NY2d 686; *see generally,* Richardson, Evidence §§ 601, 602, at 598-599 [Prince 10th ed]). Whether defendant has sustained damages from plaintiff's alleged breach of the employment contract is more properly the subject of a separate action and does not serve to bar recovery herein *(see, Logan v Williamson & Co., supra,* at 469-470). Indeed, in its responding affidavits, defendant expressed an intention to commence an independent action against plaintiff on the very same employment contract issues. Accordingly, plaintiff is entitled to judgment on his claim.

Order reversed, on the law, without costs, motion granted and summary judgment awarded to plaintiff. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.