· (July 25, 1988)

■ ALICANTO, S. A., Respondent, v WILLIAM H. WOOLVERTON et al., Appellants.—In an action to recover on a promissory note, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Burke, J.), entered June 25, 1987, which granted a motion by the plaintiff for summary judgment pursuant to CPLR 3213 in lieu of a complaint, and (2) a judgment of the same court, dated July 13, 1987, which is in favor of the plaintiff and against them in the sum of $41,208.50.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In support of its motion for summary judgment in lieu of complaint *(see,* CPLR 3213), the plaintiff established its cause of action as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Ihmels v Kahn,* 126 AD2d 701) by proof of the promissory note in question and of nonpayment according to its terms *(see, Grasso v Shutts Agency,* 132 AD2d 768, *appeal dismissed* 70 NY2d 797; *Ihmels v Kahn, supra;*

*Gateway State Bank v Shangri-La Private Club,* 113 AD2d 791, *affd* 67 NY2d 627). It was then incumbent upon the defendant to demonstrate, by admissible evidence, the existence of a triable issue of fact *(see, Zuckerman v City of New York, supra,* at 560; *Grasso v Shutts Agency, supra).*

The defendants' principal allegation is that the money delivered pursuant to the note was an advance against commissions. The money to repay the note was to come from the proceeds of an arbitration award. Repayment was, therefore, conditioned on the availability of these funds. However, no such condition precedent is set forth in the note *(see, Grasso v Shutts Agency, supra; Abacus Real Estate Fin. Co. v P.A.R. Constr. & Maintenance Corp.,* 115 AD2d 576). The bald conclusory allegations contained in the defendants' affidavits are insufficient to defeat the motion for summary judgment *(see, Abacus Real Estate Fin. Co. v P.A.R. Constr. & Maintenance Corp., supra).* Nor may the defendants proffer parol evidence to alter the terms of the note *(see, Grasso v Shutts Agency, supra; Kornfeld v NRX Technologies,* 93 AD2d 772, *affd* 62 NY2d 686). Accordingly, the plaintiff is entitled to summary judgment. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.