■ Joe W. Gerrity, Jr., Respondent, v Daniel F. Farley et al., Appellants.—Weiss, J. Appeal from an order of the Supreme Court (McDermott, J.), entered June 7, 1988 in Albany County, which, *inter alia,* granted plaintiff's motion for partial summary judgment and dismissed defendants' affirmative defenses and counterclaim.

On June 28, 1984, defendants executed a promissory note in plaintiff's favor securing a loan of $115,000, with interest "at the New York Prime Rate as of June 27, 1984", payable within 90 days of written demand. As collateral, plaintiff retained a lien against a standardbred race horse known as "Shane T. Hanover", partially owned by defendants. On August 21, 1984, plaintiff issued a written demand for payment. Thereafter, by agreement dated October 9, 1984, the parties restructured defendants' various obligations to plaintiff, stipulating that defendants owed in excess of $125,000 on an open account for boarding and breeding services, as well as the $115,000 balance on the note. The agreement further authorized plaintiff to offset these obligations by selling off certain of defendants' horses.

In July 1985, plaintiff commenced this action to recover on the debt, foreclose on the Shane T. Hanover interest, and for judgment on the open account. Defendants answered, raising an affirmative defense of payment, and counterclaimed for breach of the October 9, 1984 agreement. In February 1987, pursuant to a stipulated order, plaintiff released his lien against Shane T. Hanover in return for defendants' placement of $154,238 in escrow as security for any potential judgment. Thereafter, Supreme Court granted plaintiff's motion for partial summary judgment on the June 1984 promissory note, while dismissing defendants' affirmative defenses and counterclaim. Defendants have appealed.

Our review of the moving papers confirms that plaintiff established a prima facie right of recovery on the note *(see, Grasso v Shutts Agency,* 132 AD2d 768, *appeal dismissed* 70 NY2d 797).* In their verified answer, defendants acknowledged both execution of the note and a formal demand for payment on August 21, 1984. Plaintiff's personal affidavit specifies that no payment was ever received. Upon this showing, defendants were required to counter with evidence of a viable defense. In opposition, defendants presented only the affidavit of their attorney, together with a November 5, 1984 letter from Han-

over Shoe Farms, Inc. evidencing a $115,000 payment to plaintiff for the purchase of several horses. To the extent that counsel's affidavit is without personal knowledge, we accord it no significance (see, *Hasbrouck v City of Gloversville*, 102 AD2d 905, *affd* 63 NY2d 916). Nor do we agree that the November 5, 1984 letter raises a question of fact as to payment on the note. In his reply papers, including the affidavit of his office manager, plaintiff affirmatively demonstrates that the payment received from Hanover Shoe Farms was directly applied to defendants' open account in accord with the October 1984 agreement. This conclusion is substantiated by the February 1987 escrow stipulation, which demonstrates that the note had yet to be paid. Consequently, defendants failed to raise a genuine issue as to payment on the note.

Supreme Court also properly assessed interest on the note at 13% per annum. In their supporting affidavits, both plaintiff and his attorney attest to a 13% prime rate as of June 27, 1984. Although defendants' attorney contested this rate in his opposing affidavit, the February 1987 stipulation and order specifically escrowed a sum equal to the $115,000 balance on the note "plus the interest thereon at the rate of 13% per annum". By so stipulating, defendants effectively acknowledged a governing rate of 13%.

We do find, however, that Supreme Court erred in dismissing the counterclaim, which was expressly premised on a breach of the October 9, 1984 agreement, not the June 1984 promissory note. Defendants specifically asserted that plaintiff breached the agreement by failing to send certain horses to a designated sale and by failing to obtain independent appraisals, as required by the agreement. In response, plaintiff merely proffered a general denial, and alleged that defendants breached the October 1984 agreement at its inception. A cause of action has clearly been presented and may readily be entertained with plaintiff's own remaining claim on the open account.

Order modified, on the law, without costs, by reversing so much thereof as dismissed defendants' counterclaim, and, as so modified, affirmed. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.