■ NATIONWIDE ASSOCIATES, INC., Respondent, v MOIZ ARDITI, Appellant.—In an action to foreclose a mortgage, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Christ, J.), dated November 13, 1988, which granted the plaintiff's motion to confirm the report of the referee and for leave to enter a deficiency judgment against the defendant, (2) an order of the same court, dated March 1, 1989, which (i) denied defendant's motion for renewal of the prior motion and to set aside the foreclosure judgment, sale and referee's deed and disaffirm the referee's report, and (ii) granted the plaintiff's cross motion to modify the prior order to include a determination of the market value of the subject premises and to cancel a lis pendens filed by the defendant, and (3) a judgment of the same court entered November 15, 1989, which (i) fixed the amount of the deficiency judgment in favor of the plaintiff and against the defendant in the sum of $198,422.60,

and (ii) canceled and discharged the lis pendens filed by the defendant.

Ordered that the appeal from the orders dated November 13, 1988, and March 1, 1989, are dismissed, as the right of direct appeal therefrom terminated with the entry of the final judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248); and it is further,

Ordered that the judgment entered November 15, 1989, is modified by deleting the first decretal paragraph thereof fixing the amount of the deficiency at $198,422.60; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to reconsider the relevancy and applicability of a purported handwritten stipulation dated February 22, 1988, denominated by the parties as a "memorandum of understanding", and to recalculate and fix the amount of the deficiency awarded in favor of the plaintiff based on the court's findings made after that hearing; and it is further,

Ordered that the orders dated November 13, 1988, and March 1, 1989, are modified accordingly; and it is further,

Ordered that the defendant is awarded one bill of costs.

In 1985, an entity known as the Hart Street Group Joint Venture borrowed $400,000 from the plaintiff to finance the purchase of property in the State of Texas. The loan was secured by a personal guarantee from the defendant, Moiz Arditi, and his son Albert Arditi. Albert was a principal of the Hart Street Group Joint Venture. In addition to giving his personal guarantee, the defendant Moiz Arditi provided as collateral for the loan, a junior mortgage on premises known as 30 Harbor Road, Kings Point, New York.

The defendant defaulted under the guarantee and mortgage and a foreclosure action was commenced in or about January 1987. The defendant, who was served in Israel, did not appear and a default judgment of foreclosure and sale was entered on June 19, 1987. On or about November 16, 1987, Albert submitted a motion to vacate the default, contending that he was acting on the defendant's behalf pursuant to a power of attorney. Numerous purported defenses were raised including lack of in personam jurisdiction and fraud. The motion was denied by order dated February 5, 1988, but no appeal was taken from such order.

On or about April 28, 1988, the plaintiff purchased the Kings Point premises at a referee's auction. Thereafter, the plaintiff moved to confirm the referee's report of sale and

sought a deficiency judgment pursuant to RPAPL 1371. The defendant opposed the motion by means of a "notice of special appearance and attorney's affirmation in opposition" contending once again that the court lacked in personam jurisdiction and that there were meritorious defenses. In the order appealed from dated November 13, 1988, the Supreme Court granted the plaintiff's motion to confirm the referee's report of sale and for leave to enter a deficiency judgment.

The defendant moved for renewal arguing that, pursuant to a handwritten stipulation, denominated by the parties as a "memorandum of understanding", dated February 22, 1988, the plaintiff had agreed to discontinue the foreclosure action. It was further alleged that the parties had modified the terms of the subject mortgage and that the defendant was entitled to certain credits in accordance with the purported stipulation. In addition, the defendant argued, for the first time, that a second loan given to him by the plaintiff was usurious and that excess interest payments, allegedly made under the terms of that loan, should be applied to the amount owed in the instant action.

The plaintiff cross-moved to modify the order dated November 13, 1988, to include a determination of the market value of the foreclosed premises, and to cancel a lis pendens that had been filed by the defendant. In response to the defendant's reargument motion, the plaintiff argued, *inter alia,* that the February 22, 1988, agreement was never intended to be "an effective stipulation of settlement of this entire action", and that in any event, the agreement was never of any force and effect because Albert Arditi, the person who signed the document, had not complied with the contingencies set forth therein.

By order dated March 1, 1989, the second of the orders presently before us, the Supreme Court granted the plaintiff's cross motion and refused to consider the applicability of the February 22, 1988, agreement. The court found the agreement to be "totally irrelevant" because it was between Daniel Perla, one of the plaintiff's principals, and Albert Arditi, who is not a party to the action. The court also found that the agreement did not indicate that it was a settlement of the instant action.

We conclude that the Supreme Court erred in failing to consider whether Albert signed the February 22, 1988, memorandum of understanding as attorney-in-fact on behalf of himself and the defendant. While much of the stipulation is no longer relevant, it does make reference to legal actions regarding the house in Kings Point, and purports to provide,

*inter alia,* for a new principal balance, a retroactive reduction in the interest rate of the loan, and a credit for past payments allegedly made at the new rate.

In view of the conflicting factual allegations in the record, we cannot resolve the issue of whether Albert was acting on behalf of the defendant, and if so, whether the provisions of the "memorandum of understanding" were intended to apply to the instant foreclosure action. Under the circumstances, we remit the matter to the Supreme Court to determine these issues of fact and whether any applicable provisions of the "memorandum of understanding" warrant a recalculation of the deficiency judgment.

We note that the defendant did not raise his claim that a second personal loan was usurious, and that payments made thereon should be credited to the subject mortgage loan, until the motion for reargument and renewal. As the defendant did not adequately explain his failure to raise this argument in opposition to the original motion, it was not properly before the court and we decline to address it *(see, Foley v Roche,* 68 AD2d 558, 568).

Finally, we have considered the defendant's contention that the judgment of foreclosure and sale should be vacated and find it to be without merit. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.