■ JOSEPH SILVERI, Respondent, v GERALD S. LAUFER et al., Appellants

In order to vacate the default judgment against them, the defendants were required to establish a valid excuse for the default and a meritorious defense to the action *(see, Association for Children With Learning Disabilities v Zafar,* 115 AD2d 580; *see also,* CPLR 5015 [a] [1]). The determination of what is an excusable default is left to the sound discretion of the trial court *(see, Ehmer v Modernismo Publ.,* 120 AD2d 483, 484), the exercise of which will not generally be disturbed if supported by the record *(see, Machnick Bldrs. v Grand Union Co.,* 52 AD2d 655).

Under the circumstances of this case, the denial of the defendants' motion to vacate the default judgment did not constitute an improvident exercise of discretion *(see, Formichella v Formichella,* 134 AD2d 481). The defendants failed to provide a reasonable excuse for their default *(see, Levy v Blue Cross & Blue Shield,* 124 AD2d 900; *McCarthy v Chef Italia,* 105 AD2d 992; *Union Natl. Bank v O'Donnell,* 101 AD2d 676), and their proposed defense was without merit. As the defendants correctly note, parol evidence may be used to establish the existence of a condition precedent to the legal effectiveness of a written contract, provided the condition does not contradict the express terms of the writing *(see, Hicks v Bush,* 10 NY2d 488; Richardson, Evidence § 613 [Prince 10th ed]). However, in the instant case, the oral understanding alleged by the defendants contradicts the terms of the contract of sale and, in particular, Paragraph 26 of the rider to the contract. Thus, evidence of the purported oral understanding is barred by the parol evidence rule *(see, Alicanto, S. A. v Woolverton,* 142 AD2d 703; *Fourteen Sharot Place Realty Corp. v Miceli,*

125 AD2d 634; *Abacus Real Estate Fin. Co. v P.A.R. Constr. & Maintenance Corp.*, 115 AD2d 576). Kunzeman, J. P., Balletta, Miller and Ritter, JJ., concur.