■ RELIDE REALTY Co., Appellant, v BERNARD LANG & Co., INC., Defendant, and HARPER ROBINSON & Co., a Division of the HARPER GROUP, Respondent.—Order, Supreme Court, New York County (Myriam J. Altman, J.), entered December 6, 1990, which granted defendant Harper Robinson & Co.'s motion for summary judgment dismissing the complaint as against it, and denied plaintiff's cross motion for leave to serve an amended complaint, unanimously affirmed, without costs.

Plaintiff, as landlord, entered into a ten-year lease with defendant Bernard Lang & Co., as tenant, for a term commencing January 1, 1985. In December 1987, defendant Harper Robinson & Co. purchased Lang's good will, customer lists and various office equipment pursuant to a contract providing that Harper was assuming none of Lang's obligations, and also specifically providing that Lang would continue to pay the rent at the leased premises for no more than three months.

In early January 1988, Harper, as part of a transitional relationship, sent two employees into the Lang premises, where they remained for less than two months, during which period Lang continued to pay the rent directly to plaintiff. When the premises were vacated at the end of February 1988, plaintiff commenced this action against both Lang and Harper for the balance of rent due for the full term of the lease, less the rent collected from the new tenant. The IAS court granted *Harper* summary judgment dismissing the complaint as against it based on the Statute of Frauds (General Obligations Law § 5-703 [2]).

Plaintiff argues that Harper, by taking possession of the leased premises, became an assignee of the lease for the remainder of the term by operation of law (citing *Mann v Munch Brewery,* 225 NY 189). The Statute of Frauds is no defense where a person other than the lessee actually occupies the premises, this because the law presumes that the lease was assigned to the occupier of the premises. However, that rule does not apply where, as here, the leased premises were only temporarily occupied for a short time, the occupancy was not exclusive, and the purported assignee never paid rent to the landlord. Under these circumstances, there can be no assignment by operation of law, and plaintiff's request for further discovery is unavailing.

We have considered plaintiff's other contention and find it to be without merit. Concur—Murphy, P. J., Rosenberger, Ellerin, Ross and Rubin, JJ.