■ DONALD SCHIAVETTA, Respondent, v VICTORIA I. MCKEON et al., Appellants.—In an action, *inter alia,* to recover possession of real property purchased at a court ordered foreclosure sale, the appeal is from a judgment of the Supreme Court, Nassau County (Roncallo, J.), dated June 2, 1992, which, *inter alia,* directed that the plaintiff recover possession of the premises. The defendants' notice of appeal from the order dated December 11, 1991, is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

■ DONALD SCHIAVETTA, Respondent, v VICTORIA I. MCKEON et al., Appellants.—In an action to foreclose a mortgage, the defendants Victoria I. McKeon and Thomas McKeon appeal from (1) a judgment of the Supreme Court, Nassau County (Roncallo, J.), dated June 6, 1989, entered upon their default in answering the complaint, which, *inter alia,* directed the sale of certain premises, (2) an order of the same court, dated November 9, 1989, which confirmed a Referee's report of the foreclosure sale and directed the Referee to execute and deliver a deed of conveyance to the plaintiff, and (3) an order of the same court dated August 23, 1990, which, upon granting the plaintiff's motion to reargue his opposition to the defendants' motion to vacate their default, vacated a prior order of the same court, dated March 5, 1990, which directed a hearing on the motion to vacate, and denied the defendants' motion.

Ordered that the appeal from the judgment dated June 6,

1989, is dismissed, as no appeal lies from a judgment entered upon the default of the appealing party; and it is further,

Ordered that the appeal from the order dated November 9, 1989, is dismissed as abandoned; and it is further,

Ordered that the order dated August 23, 1990, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

On January 14, 1986, the plaintiff Donald Schiavetta loaned the defendants Thomas McKeon and Virginia I. McKeon the sum of $110,000. The loan was secured by a mortgage on Virginia I. McKeon's home, and both defendants agreed to repay the principal sum of the loan and interest. The defendants subsequently defaulted on the loan, and the plaintiff commenced this foreclosure action by summons and complaint dated August 12, 1986. The defendants, however, failed to answer the complaint, and a default judgment of foreclosure was entered on June 6, 1989. The mortgaged house was thereafter sold to the plaintiff for the sum of $130,000 at a Referee's sale conducted on August 29, 1989. Five months later, the defendants moved to vacate their default and to set aside the judgment of foreclosure, claiming that the loan agreement, although seemingly valid on its face, was actually part of a scheme designed to disguise a usurious transaction. After granting reargument, the Supreme Court denied the defendants' motion to vacate their default, and we now affirm.

It is well settled that a party seeking to vacate a default judgment upon the ground of excusable default (see, CPLR 5015 [a] [1]) must establish both that there is a reasonable excuse for the default and that there exists a meritorious defense (see, Dowling Textile Mfg. Co. v Land, 179 AD2d 621; Silveri v Laufer, 179 AD2d 633; General Elec. Tech. Servs. Co. v Perez, 156 AD2d 781). At bar, however, the defendants' only explanation for their nearly four-year failure to defend this action consists of Thomas McKeon's unsupported and conclusory claim that he was "motivated by personal fear" for himself and his family. The defendants did not attempt to explain the basis for their alleged fear of the plaintiff, nor did they explain why their fear sufficiently subsided after the entry of a default judgment to allow them to retain counsel and seek to set aside their default. Under these circumstances, we find that the Supreme Court did not improvidently exercise its discretion in denying the defendants' motion (see, Nationwide Assocs. v Arditi, 174 AD2d 559; Chery v Anthony, 156 AD2d 414). Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.