■ ROBERT'S SERVICE STATION, INC., Appellant, v GURDIP S. NARULA et al., Respondents. [601 NYS2d 960] —In an action to recover liquidated damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Colby, J.), dated May 29, 1991, as denied its cross motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's cross motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment in accordance herewith.

On December 30, 1989, the defendants entered into a contract to purchase an automobile service station from the plaintiff for the sum of $277,000. Pursuant to the terms of the contract, the purchase price included, *inter alia,* all "stock in trade, fixtures, equipment, contract rights, lease [and] good will". The contract of sale also contained a clause that the contract "may not be changed orally".

Although the contract did not expressly require the plaintiff seller to provide the defendants with a customer list, the defendants requested a customer list prior to closing, and the plaintiff voluntarily supplied such a list. The defendants, however, claimed that the customer list prepared by the plaintiff was inadequate, and refused to close on the contract.

The plaintiff then commenced this action to recover liquidated damages under the contract for the defendants' allegedly willful default, and thereafter cross-moved for summary judgment. In support of its cross motion, the plaintiff argued that it had no obligation under the contract to provide a customer list, and that the clause prohibiting oral modification of the contract prohibited the defendants from claiming that the contract had been orally amended to impose such a requirement. The defendants countered that a customer list was included as part of the "good will" of the service station, and that, in any event, the contract had been orally modified to require the plaintiff to provide a customer list. The Supreme Court denied the plaintiff's cross motion, finding that triable issues of fact existed as to which party breached the contract, and as to whether the the breach was willful. We now reverse.

Contrary to the defendants' contention, a customer list was not necessarily included as part of the good will of the service station. Good will has been defined as "all the good disposition which [a business's] customers entertain toward it and which induces them to deal with it" (62 NY Jur 2d, Good Will, § 1). Good will and customer lists are separate assets of a business *(see, American Broadcasting Cos. v Wolf,* 52 NY2d 394, 403; *Relide Realty Co. v Lang & Co.,* 182 AD2d 442; *Sweatland v Park Corp.,* 181 AD2d 243; *Wensing v Paris Indus.-N. Y.,* 158 AD2d 164, 167), and thus the contractual obligation to transfer the service station's good will did not encompass a requirement to compile a customer list for the defendants' benefit.

The defendants' further contention that the contract was orally modified to require the plaintiff to supply a customer list is without merit. The contract explicitly provided that it could not be orally modified, and the defendants have not produced any subsequent written agreement signed by the plaintiff or his agent which purportedly added the obligation to provide a customer list *(see,* General Obligations Law § 15-301; *Fourteen Sharot Place Realty Corp. v Miceli,* 125 AD2d 634, 637).

Under these circumstances, we find that the defendants willfully defaulted under the contract by unreasonably refusing to proceed with the closing, and that the plaintiff is therefore entitled to liquidated damages in accordance with the terms of the contract. Mangano, P. J., Balletta, Eiber and Ritter, JJ., concur.