■ RYAN MANAGEMENT CORPORATION, Respondent, v ARTHUR CATAFFO, Appellant. [691 NYS2d 891] —In an action, *inter alia,* to recover damages for breach of a lease for commercial property, the defendant appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated February 11, 1998, which granted the plaintiff's motion for summary judgment for damages in the sum of $907,082.44 representing rent, real estate taxes, penalties, interest, late charges, and reasonable attorney fees.

*alia,* to recover damages for breach of a lease for commercial property, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated August 21, 1998, as, upon reargument, adhered to its original determination in an order dated February 11, 1998, granting the plaintiff's motion for summary judgment for damages in the sum of $907,082.44.

Ordered that the order is affirmed insofar as appealed from, with costs.

This is an action for moneys due in connection with the lease of premises owned by the plaintiff. The defendant was the original lessee but subsequently assigned the lease to a corporation of which he was the principal shareholder. However, pursuant to a provision of the lease, the defendant remained liable for rents and other payments due under the lease in the event the assignee failed to pay. The personal guarantee limited the defendant's liability to $100,000 once the premises were vacated but he remained fully liable for all payments under the lease while his assignee was in possession. The plaintiff alleged that the defendant failed to make rental payments and other required payments pursuant to the terms of the lease from November 1994 through June 1996. In his answer the defendant alleged as affirmative defenses that he had vacated the premises with the knowledge of the plaintiff, and that the plaintiff breached the covenant of quiet enjoyment and the implied covenant to deal in good faith. In opposition papers to the plaintiff's motion for summary judgment, the defendant also contended that he was constructively evicted from the premises due to the actions of the plaintiff.

The plaintiff presented documentary proof that the defendant's assignee remained in possession of the premises until June 1996. In response, the defendant presented only conclusory allegations to support his assertion that his assignee vacated the premises and to support his other affirmative defenses. Without any specific facts or any other evidence to support these allegations, summary judgment was properly granted in favor of the plaintiff (*see, Abacus Real Estate Fin. Co. v P.A.R. Constr. & Maintenance Corp.,* 115 AD2d 576; *Ascher v Garafolo Elec. Co.,* 113 AD2d 728, *affd* 67 NY2d 637; *Snelson v SGM Catering,* 47 AD2d 903).

In his motion for reargument, the defendant stated that the court had improperly granted the plaintiff summary judgment because the plaintiff had assigned its rights to collect rent under the lease to Columbus Realty Investment Corp. (hereinafter Columbus Realty), and therefore the plaintiff was

not the proper party to commence the action. The defendant claimed that the court erred in considering evidence in the plaintiff's reply papers that there was a reassignment of the right to collect rent by Columbus Realty to the plaintiff. The defendant characterized the evidence in the reply papers as new evidence not properly before the court. Accordingly, the defendant argued, the court erred in granting summary judgment to the defendant.

Because the evidence submitted by the plaintiff in its reply papers was in direct response to allegations raised by the defendant in his opposition papers, it was properly considered by the court. Upon reargument, the defendant once again failed to support its allegations that the plaintiff was not a proper party to this action with any documentary proof or evidence (see, Abacus Real Estate Fin. Co. v P.A.R. Constr. & Maintenance Corp., supra; Ascher v Garafolo Elec. Co., supra; Snelson v SGM Catering, supra).

Therefore, the Supreme Court properly adhered to its original order granting summary judgment in favor of the plaintiff. Bracken, J. P., Ritter, Altman and Friedmann, JJ., concur.