(March 15, 2007)

■ FLAGSHIP INTERNATIONAL CORP. et al., Respondents, et al., Plaintiffs, v DENNELISSE CORP., Appellant, et al., Defendants.
[833 NYS2d 3]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered August 11, 2005, which, to the extent appealed from as limited by the briefs, denied defendant Dennelisse Corp.'s motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against Dennelisse. The Clerk is directed to enter judgment accordingly.

Dennelisse leased three contiguous suites, 921-922, 923-925 and 926-927, on the ninth floor of a building located at 250 W. 57th Street and owned by Fisk Building Associates. Dennelisse retained a contractor, Metro Interior Contracting Corp. (Metro), to renovate and consolidate the suites. Part of the job required Metro to create an opening in a wall between suites 923-925 and 926-927, thereby connecting those suites. Another part of the job required Metro to demolish the existing entrance to Dennelisse, which was located in suite 921, and reconstruct the entrance approximately 20 feet out into space formerly constituting part of the public hallway. The walls forming the original entrance were allegedly fire-rated; it is not clear whether the internal wall that was modified was fire-rated.

A fire occurred in suite 926 the morning after Metro completed its work causing varying degrees of fire, heat, smoke and water damage to each of the suites and the common hallway abutting the suites. According to the fire marshal who investigated the incident, the fire was "something electrical in nature," "most likely heat from electrical equipment."

Various plaintiffs—tenants in the building and insurers asserting subrogation claims for monies paid to their insured tenants who sustained losses as a result of the fire—sued, among others, Dennelisse. Dennelisse moved for summary judgment dismissing the complaint as against it, arguing that the cause of the fire could not be ascertained and, thus, liability could not be established against it. Alternatively, Dennelisse argued that if the fire was caused by the negligence of Metro, Dennelisse was

not liable for the negligence of that entity because it was an independent contractor. Various parties opposed the motion, cross-moved for summary judgment, or both. Supreme Court, while agreeing with Dennelisse that it was not responsible for any negligence on the part of Metro, denied Dennelisse's motion on the ground that two triable issues of fact were present: whether Dennelisse's direction to remove a fire-rated wall was negligent, and whether Dennelisse was negligent in failing to obtain permits necessary for the work. Dennelisse appealed, and we reverse.

As Supreme Court correctly recognized, Dennelisse was entitled to summary judgment dismissing plaintiffs' claims, as asserted against it, based on the alleged negligence of Metro. Dennelisse made a prima facie showing that Metro was an independent contractor and plaintiffs failed to raise a triable issue of fact in this regard. Supreme Court erred, however, in determining that triable issues of fact existed regarding whether Dennelisse was negligent in directing Metro to remove a fire-rated wall and in failing to obtain permits for the work. With respect to the former, no one pleaded such a claim. With respect to the latter, while several plaintiffs expressly claimed that Dennelisse was negligent in "failing to obtain permits for the demolition and construction of Suite 21," Dennelisse was not obligated to demonstrate the absence of triable issues of fact in this regard. The mere fact that a permit was not obtained for the work does not bespeak actionable negligence. The failure to obtain any required permits, in and of itself, did not cause or contribute to the damages sustained by plaintiffs. In essence, there was no cause of action in this regard for Dennelisse to address (see *Kornfeld v NRX Technologies*, 93 AD2d 772, 773 [1983] [sham or frivolous issue will not preclude summary relief], *affd* 62 NY2d 686 [1984]). Concur—Tom, J.P., Friedman, Gonzalez, Sweeny and McGuire, JJ.