Sasson v Bridger Consulting Group, Inc.
2026 NY Slip Op 03654
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Jack Sasson, Plaintiff-Appellant,
v
Bridger Consulting Group, Inc., Defendant-Respondent.

Decided and Entered: June 09, 2026
Index No. 654872/24|Appeal No. 6848|Case No. 2025-02972|
Before: Webber, J.P., Gesmer, Mendez, Rodriguez, Hagler, JJ.

Mizrahi & Louzon PLLC, Brooklyn (Jared H. Louzon of counsel), for appellant.
Ishimbayev Law Firm P.C., New York (Marc J. Block of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about March 11, 2025, which denied plaintiff's motion for summary judgment in lieu of complaint, unanimously reversed, on the law, without costs, and the motion granted.
The motion court should have granted plaintiff's motion for summary judgment in lieu of complaint. The subordination clause in the convertible promissory note at issue did not restrict plaintiff's right to commence a proceeding against defendant upon its default under the note in order to reduce plaintiff's claim to a judgment (see Standard Brands v Straile, 23 AD2d 363, 366 [1st Dept 1965]; Kornfeld v NRX Tech., 93 AD2d 772, 772-773 [1st Dept 1983], affd 62 NY2d 686 [1984]). To the extent that the note purported to completely "forbid[] or limit[] payments by [defendant] on the subordinated debt as long as [any] senior debt remain[ed] unpaid" (Standard Brands, 23 AD2d at 366), that language served only to structure the priority as to the rights of plaintiff as against other creditors, which has no bearing upon plaintiff's right to a judgment against defendant as debtor (see Kornfeld, 93 AD2d at 773; cf. J-Bar Reinforcement, Inc. v Crest Hill Capital LLC, 169 AD3d 499, 499-500 [1st Dept 2019] ["the plain, unambiguous language of the subject Subordination Agreement limited plaintiff's right to demand or sue for payment, or declare a default prior to satisfaction of the senior debt"]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026